IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> ALL CITY INVESTMENTS, LLC, AND JAMAL Y. VANCE <br><br> Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**CASE NO: 16-cv-7372**

COMPLAINT FOR INJUNCTIVE AND OTHER EQUITABLE RELIEF AND FOR CIVIL MONETARY PENALTIES PURSUANT TO THE COMMODITY EXCHANGE ACT

**<u>JURY TRIAL DEMANDED</u>**

Plaintiff U.S. Commodity Futures Trading Commission ("CFTC" or "Commission"), by its attorneys, alleges as follows:

**I.**

**SUMMARY OF DEFENDANTS' VIOLATIONS
<u>OF THE COMMODITY EXCHANGE ACT</u>**

1.      From at least January 2016 to  March 2016 (the "Relevant Period"), All City Investments, LLC ("All City"), and its  President, Secretary and Member Jamal Y. Vance (Vance) (collectively "Defendants"), fraudulently solicited  customers for the purported purpose of trading in off-exchange foreign currency ("forex")  in accounts  to be  managed by Defendants in violation of the Commodity Exchange Act, 7 U.S.C. §§ 1 *et seq.* (2012) (the "CEA" or the "Act").

2.      Defendants solicited customers on Defendants' website, allcityinvestments.com (the "Website"), to open and deposit their funds into their own accounts with a brokerage services firm based in Dominica that provides an online forex trading platform, and sign a limited power of attorney form which designated All City as that customer's agent and attorney-in-fact for the purpose of buying and selling margined foreign currency transactions for the customer's account.  This solicitation did not limit or restrict customers to be eligible contract participants, as defined in Section 1a(18)(A)(xi) of the Commodity Exchange Act (the "Act"), 7 U.S.C. § 1a(18)(A)(xi) (2012). In other words, Defendants solicited retail customers.

3.      The Website contained a track record with false and/or misleading information.

4.      As part of their scheme, Defendants sought to advise and manage the trading of forex for customers for compensation and profit, acting as a Commodity Trading Advisor ("CTA") without being registered or exempt from registration with the Commission as a CTA, as required by the Act and Commission Regulations ("Regulations").

5.      By this conduct, and the conduct further described herein, during the Relevant Period, Defendants have engaged, are engaging and/or are about to engage in acts and practices in violation of Sections 4b(a)(2)(A)-(C) of the Act, 7 U.S.C. §§ 6b(a)(2)(A)-(C) (2012) and Commission Regulation 5.2(b), 17 C.F.R. § 5.2(b) (2015).

6.      Defendants failure to register as a CTA violated Section 4m(1) of the Act, 7 U.S.C § 6m(1) (2012) and Regulation § 5.3(a)(3), 17 C.F.R. § 5.3(a)(3) (2015).

7.      By engaging in fraudulent conduct by use of the mails or any means of interstate commerce while acting as a CTA or associated person of a CTA, Defendants also violated Section 4o(1) of the Act, 7 U.S.C. § 6o(1) (2012).

8.      Defendant Vance committed the acts described herein within the scope of his employment or office as the President, Secretary and Member of All City.  Therefore, All City is liable for Vance's violations pursuant to Section 2(a)(1)(B) of the Act, 7 U.S.C. § 2(a)(1)(B) (2012); and Commission Regulation 1.2, 17 C.F.R. § 1.2 (2015).

9.      Vance is liable under Section 13(b) of the Act, 7 U.S.C. § 13c(b) (2012), as a controlling person of All City, for All City's violations of the Act and Regulations because he controlled All City and did not act in good faith or knowingly induced, directly or indirectly, the acts constituting All City's violations.

10.      Accordingly, pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1 (2012), the Commission brings this action to enjoin Defendants' unlawful acts and practices and to compel their compliance with the Act and Commission Regulations, and to further enjoin Defendants from engaging in any commodity-related activity.

11.      In addition, the Commission seeks civil monetary penalties and remedial ancillary relief including, but not limited to, trading and registration bans, restitution, disgorgement, rescission, post-judgment interest and such other relief as the Court deems necessary and appropriate.

12.      Unless restrained and enjoined by this Court, there is a reasonable likelihood that Defendants will continue to engage in the acts and practices alleged in this Complaint, as more fully described below.

## II.

## JURISDICTION AND VENUE

13.      This Court has jurisdiction over this action pursuant to Section 6c(a) of the Act, 7 U.S.C. § 13a-1 (2012), which authorizes the Commission to seek injunctive relief against any person whenever it shall appear to the Commission that such person has engaged, is engaging, or

is about to engage in any act or practice constituting a violation of the Act or any rule, regulation, or order thereunder.

14.     The Commission possesses jurisdiction over the forex solicitations and transactions at issue in this case pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1 (2012), and Section 2(c)(2)(C) of the Act, 7 U.S.C. § 2(c)(2)(C) (2012).

15.     Venue properly lies with this Court pursuant to Section 6c(e) of the Act, 7 U.S.C. § 13a-1(e) (2012), in that acts and practices in violation of the Act have occurred, are occurring, or are about to occur within this District.

### III.

### THE PARTIES AND OTHER RELATED ENTITIES

### A.     PLAINTIFF U.S. COMMODITY FUTURES TRADING COMMISSION

16.     The Commission is an independent federal regulatory agency charged by Congress with the responsibility for administering and enforcing the provisions of the Act, 7 U.S.C. §§ 1 *et seq.* (2012), and the Regulations promulgated there under, 17 C.F.R. §§ 1 *et* seq. (2015).

### B.     DEFENDANTS

17.     **Defendant All City Investments, LLC** is a limited liability company organized in Wyoming on or about April 24, 2013, with a principal place of business of Dallas, Texas during the Relevant Period.  All City has never been registered in any capacity with the Commission.

18.     **Defendant Jamal Y. Vance** is an individual whose last known address is in Orlando, Florida.  Vance held himself out as being the President, Secretary and Member of All City.  Vance also is an authorized signatory for bank and trading accounts held in the name of All City.  Vance has never been registered with the Commission in any capacity.

4

# IV.

# FACTS

**Defendants Fraudulent Operations**

19.     During the Relevant Period, Defendants solicited the retail public using the Website.  The Website advertised "the advantages of forex trading" and claimed that "we help clients grow their wealth in a recession proof vehicle" by "growing wealth in WEEKS NOT YEARS!"  The Website also referred to All City as a "forex trader/wealth accumulation strategist."

20.     There was no requirement on the Website that prospective forex customers needed to have amounts invested on a discretionary basis, the aggregate of which was in excess of:

      a.  $10,000,000 [ten million dollars], or

      b.  $5,000,000 [five million dollars] and have entered in the agreement, contract, or transaction with the Defendants in order to manage the risk associated with an asset owned or liability incurred, or reasonably likely to be owned or incurred by the customer.

Accordingly, based upon information and belief, customers were not eligible contract participants in connection with retail forex transactions.

21.     Customers who wanted to set up accounts were directed from the All City website to a broker where they were instructed to set up an account.  The Website contained a "limited power of attorney form."  By executing this form, a customer designates All City as the customer's "trading agent" and provides All City with the ability to "control, manage or direct

trading decisions" for customers' forex accounts.  It also stated that customers can correspond with their trading agent via the email address staff@allcityinvestments.com.

22.     By signing the limited power of attorney form, the customer acknowledged that All City would "receive thirty percent (30%) of all gross profits generated and deducted out of" that customer's trading account.  A "30% Performance Fee" also was referenced elsewhere on the All City website.

23.      "J Vance" was the "Registrant Name," "Admin Name" and "Tech Name" associated with the Website.

24.     The Website included several purported testimonials from customers praising "Jay Vance" for his forex trading knowledge and the returns obtained, and referencing the investment vehicle as "Jay's offer."

25.     In order to fraudulently induce customers to have Defendants act as their CTA, the Website included a graph with an accompanying table and text that falsely and misleadingly shows "2,675.10% growth" from December 2013 through September 2015.  It further falsely and/or misleadingly claimed that All City performed 444 trades during that timeframe broken down as follows: "Profit Trades: 442 (99.55%)" and "Loss Trades: 2 (0.45%)."  The information on the trading graph, table and text (the "Track Record") were all false and/or misleading.

26.     Defendants only have had three trading accounts with one futures commission merchant ("FCM") registered with the CFTC.  Defendant Vance opened these three accounts on behalf of All City with this registered FCM located in New York, New York.  The accounts consisted of the following: (1) an account opened on May 16, 2013 which was funded with $100,000.00; (2) an account opened on January 28, 2015, which was never funded; and (3) an account opened on May 12, 2015 with $2,000.00.

27.     After opening the All City account on May 16, 2013, Vance traded forex exclusively for this account.  Forex trading was conducted from May through August 2013, during which there were 217 profitable forex trades and 213 losing forex trades resulting in a net loss of $64,986.05 or approximately 65% of the value of the account.  No trading occurred in this All City account from September 2013 through August 2014.  On two days in September 2014, two profitable forex trades and one losing forex trade were executed in this All City account resulting in a net gain of $9.58.  There was no further trading in this account.  In sum, this trading account fails to support the "profit trade" percentages on the Track Record.

28.     For the January 28, 2015 account, no trading was conducted.

29.     For the All City account opened on May 12, 2015, Vance once again traded forex exclusively for this account.  From May 2015 through July 2015, there were 49 profitable forex trades and 39 losing forex trades which resulted in a net loss of $138.65.  There was no further trading in this account.  Again, this trading account fails to support the false and/or misleading information on the Track Record.

30.     Defendants had no other trading accounts in their name or accounts which they managed with any other registered FCM.

31.     Statements and omissions made by Defendants set forth above were material misstatements and misrepresentations as well as fraudulent omissions.

**Vance is a Controlling Person of All City**

32.     Vance held himself out as the President, Secretary and Member of All City.

33.     Vance signed the opening account paperwork on All City's bank accounts and he was the sole authorized signature on the All City bank accounts.

34.     Vance opened the All City forex trading accounts discussed above in paragraph 26-29 on behalf of All City.

35.     Vance held himself out as making the trading decisions for customers' All City trading accounts on the Website.

## V.

## VIOLATIONS OF THE COMMODITY EXCHANGE ACT

### COUNT I

### VIOLATIONS OF SECTION 4b(a)(2)(A)-(C) OF THE ACT
#### (Fraud)

36.     The allegations set forth in paragraphs 1 through 35 are re-alleged and incorporated herein by reference.

37.     Section 4b(a)(2)(A)-(C) of the Act 7 U.S.C. §§ 6b(a)(2)(A)-(C) (2012), makes it unlawful:

> for any person, in or in connection with any order to make, or the making of, any contract of sale of any commodity for future delivery, or swap, that is made, or to be made, for or on behalf of, or with, any other person, other than on or subject to the rules of a designated contract market – (A) to cheat or defraud or attempt to cheat or defraud the other person; (B) willfully to make or cause to be made to the other person any false report or statement or willfully to enter or cause to be entered for the other person any false record; or (C) willfully to deceive or attempt to deceive the other person by any means whatsoever in regard to any order or contract or the disposition or execution of any order or contract, or in regard to any act of agency performed, with respect to any order or contract for the other person.

38.     Pursuant to Section 2(c)(2)(C)(iv) of the Act, 7 U.S.C. §§ 2(c)(2)(C)(iv) (2012), Section 4b(a)(2) of the Act, 7 U.S.C. § 6b(a)(2) (2012), applies to Defendants' foreign currency transactions "as if" they were a contract of sale of a commodity for future delivery.

39.     By the conduct alleged herein, Defendants cheated or defrauded or attempted to cheat or defraud other persons and willfully deceived or attempted to deceive customers by,

among other things, providing a Track Record on the Website that contained false and/or misleading information in order to fraudulently solicit customers to have Defendants trade their forex accounts in violation of Section 4b(a)(2)(A)-(C) of the Act, 7 U.S.C. § 6b(a)(2)(A)-(C) (2012).

40.     Defendants directly engaged in the acts and practices described above willfully, knowingly or with reckless disregard for the truth of their representations or omissions.

41.     Vance committed the acts of fraudulent solicitation described above within the scope of his employment or office for All City.  Therefore, All City is liable under Section 2(a)(1)(B) of the Act, 7 U.S.C. § 2(a)(1)(B) (2012), and Regulation 1.2, 17 C.F.R. § 1.2 (2015), as principal for its agent's acts, omissions, or failures in violation of Section 4b(a)(2)(A)-(C) of the Act, 7 U.S.C. § 6b(a)(2)(A)-(C) (2012).

42.     Vance controlled All City directly or indirectly and did not act in good faith and/or knowingly induced, directly or indirectly, All City's acts constituting the violations alleged in this Count.  Therefore, pursuant to Section 13(b) of the Act, 7 U.S.C. § 13c (b) (2012), Vance is liable as a controlling person for All City's violations of Section 4b(a)(2)(A)-(C) of the Act, 7 U.S.C. § 6b(a)(2)(A)-(C) (2012).

43.     Each misrepresentation or omission of material fact, including, but not limited to, those specifically alleged herein, is alleged as a separate and distinct violation of Section 4b(a)(2)(A)-(C) of the Act, 7 U.S.C. § 6b(a)(2)(A)-(C) (2012).

## COUNT II

### VIOLATIONS OF REGULATION 5.2(b)
### (Fraud)

44.     The allegations set forth in paragraphs 1 through 43 are re-alleged and incorporated herein by reference.

9

45.     Regulation § 5.2(b), 17 C.F.R. § 5.2(b) (2015) provides that it shall be unlawful for any person, by use of the mails or by any means or instrumentality of interstate commerce, directly or indirectly, or in connection with any retail forex transaction: (1) to cheat or defraud or attempt to cheat or defraud any person; (2) willfully to make or cause to be made to any person any false report or statement or cause to be entered for any person any false record; or (3) willfully to deceive or attempt to deceive any person by any means whatsoever.

46.     By the conduct alleged herein, Defendants cheated or defrauded or attempted to cheat or defraud other persons and willfully deceived or attempted to deceive customers by, among other things, providing a Track Record on the Website that contained false and/or misleading information in order to fraudulently solicit customers to have Defendants trade their forex accounts in violation of Regulation §5.2(b), 17 C.F.R. § 5.2(b) (2015).

47.     Defendants directly engaged in the acts and practices described above willfully, knowingly or with reckless disregard for the truth of their representations or omissions.

48.     Vance committed the acts of fraudulent solicitation described above within the scope of his employment or office for All City.  Therefore, All City is liable under Section 2(a)(1)(B) of the Act, 7 U.S.C. § 2(a)(1)(B) (2012), and Regulation 1.2, 17 C.F.R. § 1.2 (2015), as principal for its agent's acts, omissions, or failures in violation of the Act and Commission Regulations.

49.     Vance controlled All City directly or indirectly and did not act in good faith and/or knowingly induced, directly or indirectly, All City's acts constituting the violations alleged in this Count.  Therefore, pursuant to Section 13(b) of the Act, 7 U.S.C. § 13c (b) (2012), Vance is liable as a controlling person for All City's violations of Regulation §5.2(b), 17 C.F.R. § 5.2(b) (2015).

50.    Each misrepresentation or omission of material fact, including, but not limited to, those specifically alleged herein, is alleged as a separate and distinct violation of Regulation §5.2(b), 17 C.F.R. § 5.2(b) (2015).

## COUNT III

### VIOLATIONS OF SECTION 4*o*(1) OF THE ACT
### (Fraud by a Commodity Trading Advisor)

51.    The allegations set forth in paragraphs 1 through 50 are re-alleged and incorporated herein by reference.

52.    Section 4*o*(1) of the Act, 7 U.S.C. § 6*o*(1) (2012), in relevant part, makes it unlawful for a commodity trading advisor, by use of the mails or any means or instrumentality of interstate commerce, directly or indirectly  -- to employ any device, scheme or artifice to defraud any client or participant or prospective client or participant; or to engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or participant or prospective client or participant.

53.    Defendants violated Section 4*o*(1) of the Act, 7 U.S.C. § 6*o*(1) (2012) of the Act in that, while acting as a CTA, by use of the mails or any means or instrumentality of interstate commerce, they directly or indirectly employed a device, scheme, or artifice to defraud customers or engaged in transactions, practices, or a course of business which operated as a fraud or deceit upon customers by, among other things, providing a Track Record on the Website that contained false and/or misleading information in order to fraudulently solicit customers to have Defendants trade their forex accounts.

54.    Vance controlled All City directly or indirectly and did not act in good faith and/or knowingly induced, directly or indirectly, All City's acts constituting the violations

alleged in this Count.  Therefore, pursuant to Section 13(b) of the Act, 7 U.S.C. § 13c(b) (2006), Vance is liable as a controlling person for All City's violations of Section 4$o$(1) of the Act, 7 U.S.C. § 6o(1) (2012).

55.     Through Vance's participation in the fraudulent acts described above, he violated Sections 4o(1) of the Act, 7 U.S.C. § 6o(1) (2012) within the scope of his employment or office while acting as President, Secretary and Member of All City.  All City is therefore liable for Vance's violations of Sections 4o(1) of the Act, 7 U.S.C. §§ 6o(1) (2012) pursuant to Section 2(a)(1)(B) of the Act, 7 U.S.C. § 2(a)(1)(B) (2012), and Regulation 1.2, 17 C.F.R. § 1.2 (2015).

56.     Each act of fraudulent solicitation, including but not limited to, those specifically alleged herein, is alleged as a separate and distinct violation by Vance and of All City of Section 4$o$(1) of the Act, 7 U.S.C. §§ 6o(1) (2012).

## COUNT IV

## VIOLATIONS OF SECTION 4m(1) OF THE ACT AND REGULATION § 5.3(a)(3)
## (Failure to Register as a CTA)

57.     Paragraphs 1 through 57 are re-alleged and incorporated herein by reference.

58.     Defendants engaged in the business of advising others, either directly or through publications, writings, or electronic media, as to the value of or the advisability of trading in any contract of sale of a commodity for future delivery, security futures product, or swap for compensation or profit, thus making them commodity trading advisors as defined by Section 1a(12) of the Act, 7 U.S.C. § 1a(12) (2012).

59.     Defendants were not exempt from registering as a CTA.

60.     Defendants made use of the mails or any means of interstate commerce in connection with their business as a CTA, while failing to register with the Commission as a CTA, in violation of Section 4m(1) of the Act, 7 U.S.C. § 6m(1) (2012).

61.     Defendants exercised discretionary trading authority, or obtained or solicited written authorization to exercise discretionary trading authority, over accounts of customers who, upon information and belief, were not eligible contract participants in connection with retail forex transactions.  As such, Defendants were required to register as a CTA pursuant to Regulation 5.3(a)(3), 17 C.F.R. § 5.3(a)(3) (2015) and failed to do so, in violation of Regulation 5.3(a)(3), 17 C.F.R. § 5.3(a)(3) (2015).

62.     Vance controlled All City directly or indirectly and did not act in good faith and/or knowingly induced, directly or indirectly, All City's acts constituting the violations alleged in this Count.  Therefore, pursuant to Section 13(b) of the Act, 7 U.S.C. § 13c(b) (2012), Vance is liable as a controlling person for All City's violations of Sections 4m(1) of the Act, 7 U.S.C. § 6m(1) (2012) and Regulations 5.3(a)(3), 17 C.F.R. §§ 5.3(a)(3) (2015).

63.     Through Vance's actions describe above, he violated Section 4m (1) of the Act, 7 U.S.C. § 6m (1) (2012) and Regulations 5.3(a)(3), 17 C.F.R. §§ 5.3(a)(3) (2015) within the scope of his employment or office while acting as President, Secretary and Member of All City.  All City is therefore liable for Vance's violations of Section 4m(1) of the Act, 7 U.S.C. §§ 6m (1) (2012) and Regulation 5.3(a)(3), 17 C.F.R. §§ 5.3(a)(3) (2015), pursuant to Section 2(a)(1)(B) of the Act, 7 U.S.C. § 2(a)(1)(B) (2012), and Regulation 1.2, 17 C.F.R. § 1.2 (2015).

# VI.

## RELIEF REQUESTED

**WHEREFORE**, the Commission respectfully requests that the Court, as authorized by Section 6c of the Act, 7 U.S.C. § 13a-1 (2012), and pursuant to its equitable powers, enter:

A.   An order finding that Defendants violated Sections 4b(a)(2)(A)-(C), 4*o*(1), and 4m(1) of the Act, 7 U.S.C. §§ 6b(a)(2)(A)-(C), 6*o*(1), and 6m(1) (2012), and Commission Regulations 5.2(b) and 5.3(a)(3), 17 C.F.R §§ 5.2(b), 5.3(a)(3) (2015);

B.   An order of permanent injunction prohibiting Defendants and any of the Defendants' officers, agents, servants, employees, and attorneys and other persons who are in active concert or participation with Defendants, from engaging in conduct in violation of Sections 4b(a)(2)(A)-(C), 4*o*(1), and 4m(1) of the Act, 7 U.S.C. §§ 6b(a)(2)(A)-(C), 6*o*(1), and 6m(1) (2012), and Commission Regulations 5.2(b) and 5.3(a)(3), 17 C.F.R §§ 5.2(b), 5.3(a)(3) (2015);

C.   Defendants are also permanently restrained, enjoined and prohibited from directly or indirectly:

    a.   Trading on or subject to the rules of any registered entity (as that term is defined in Section 1a(40) of the Act, 7 U.S.C. § 1a(40) (2012));

    b.   Entering into any transactions involving "commodity interests" (as that term is defined in Regulation 1.3(yy), 17 C.F.R. § 1.3(yy) (2014) for his/her/their/its own personal account or for any account in which he/she/they/it has/have a direct or indirect interest;

    c.   Having any commodity interests traded on his/her/their/its behalf;

d.      Controlling or directing the trading for or on behalf of any other person or

entity, whether by power of attorney or otherwise, in any account involving

commodity interests;

e.      Soliciting, receiving or accepting any funds from any person for the

purpose of purchasing or selling any commodity interests;

f.      Applying for registration or claiming exemption from registration with the

Commission in any capacity, and engaging in any activity requiring such

registration or exemption from registration with the Commission, except as

provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2014); and/or

g.      Acting as a principal (as that term is defined in Regulation 3.1(a), 17

C.F.R. § 3.1(a) (2014)), agent or any other officer or employee of any person (as

that term is defined in Section 1a(38) of the Act, 7 U.S.C. § 1a(38) (2012))

registered, exempted from registration or required to be registered with the

Commission except as provided for in Regulation 4.14(a)(9), 17 C.F.R.

§ 4.14(a)(9) (2014).

D.      An order directing Defendants, as well as any successors thereof, to disgorge,

pursuant to such procedure as the Court may order, all benefits received from the

acts or practices which constitute violations of the Act and the Regulations, as

described herein, and pre- and post-judgment interest thereon from the date of

such violations;

E.      An order directing Defendants, as well as any successors thereof, to make full

restitution, pursuant to such procedure as the Court may order, to every customers

whose funds they received or caused another person or entity to receive as a result

of acts and practices which constitute violations of the Act and the Regulations, as described herein, and pre- and post-judgment interest from the date of such violations;

F.     An order directing Defendants, as well as any successors thereof, to rescind, pursuant to such procedures as the Court may order, all contracts and agreements, whether implied or express, entered into between them and any customer whose funds were received by them as a result of the acts and practices which constituted violations of the Act and the Regulations as described herein;

G.     An order directing Defendants and any successors thereof to pay civil monetary penalties under the Act, to be assessed by the Court, in amounts of not more than the higher of:  (1) triple the monetary gain to Defendants for each violation of the Act and/or Regulations; or (2) $167,728 for each violation of the Act and/or Regulations, plus post-judgment interest;

H.     An order directing Defendants and any successors thereof to pay costs and fees as permitted by 28 U.S.C. §§ 1920 and 2412(a)(2) (2012); and

I.     An order granting such other and further relief as the Court deems proper.

## VII.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial.


Dated: September 21, 2016

Respectfully submitted,

ATTORNEYS FOR PLAINTIFF U.S. COMMODITY
FUTURES TRADING COMMISSION

Manal M. Sultan
Deputy Director


**s/ Katie Rasor**
Katie Rasor
Trial Attorney
Telephone: (646) 746-9700
E-mail:  *krasor@cftc.gov*

Steven I. Ringer
Chief Trial Attorney
Telephone: (646) 746-9700
E-mail: *sringer@cftc.gov*


United States Commodity Futures Trading Commission
Division of Enforcement
140 Broadway, 19th floor
New York, NY 10005
Telephone:  (646) 746-9700

17