UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

U.S. Commodity Futures Trading Commission,

    Plaintiff,

—v—

All City Investments, LLC,

    Defendant.

---

16-CV-7372 (AJN)

MEMORANDUM
OPINION & ORDER

ALISON J. NATHAN, District Judge:

Before the Court is Plaintiff's motion for the entry of default judgment. For the following reasons, the Court grants the motion.

I.     **BACKGROUND**

On September 21, 2016, Plaintiff filed a complaint against All City Investments, LLC ("All City") and its President, Secretary, and Member Jamal Y. Vance. Dkt. No. 1. Plaintiff alleged that Defendants "fraudulently solicited customers for the purported purpose of trading in off-exchange foreign currency . . . in accounts to be managed by Defendants in violation of the Commodity Exchange Act." *Id.* ¶ 1. Specifically, Plaintiff asserted that Defendants (1) committed fraud in violation of Section 4b(a)(2)(A)-(C) of the Commodity Exchange Act, 7 U.S.C. §§ 6b(a)(2)(A)-(C), *see* Dkt. No. 1 ¶¶ 36-43; (2) committed fraud in violation of Regulation 5.2(b), 17 C.F.R. § 5.2(b), *see* Dkt. No. 1 ¶¶ 44-50; (3) committed fraud as a Commodity Trading Advisor in violation of Section 4*o*(1) of the Commodity Exchange Act, 7 U.S.C. § 6*o*(1), *see* Dkt. No. 1 ¶¶ 51-56; and (4) failed to register as a Commodity Trading Advisor in violation of Section 4m(1) of the Commodity Exchange Act, 7 U.S.C. § 6m(1), and Regulation 5.3(a)(3), 17 C.F.R. § 5.3(a)(3), *see* Dkt. No. 1 ¶¶ 57-63. Plaintiff sought to enjoin

1

Defendants from engaging in unlawful acts, to compel their compliance with the Commodity Exchange Act, and to require them to pay civil monetary penalties. *See id.* ¶¶ 10-11.

All City was served on October 19, 2016, Dkt. No. 9, and Vance on December 13, 2016, Dkt. No. 10. At the initial case management conference on February 3, 2017, which Vance attended pro se along with counsel for Plaintiff, the Court informed Vance that All City, as an entity, would be subject to a default judgment if it did not retain counsel. *See* Dkt. No. 34 (Rasor Dec.) ¶ 12. Vance then filed a pro se notice of appearance on February 13, 2017, Dkt. No. 17, but All City failed to appear or otherwise respond to Plaintiff's complaint. Indeed, on June 9, 2017, Vance informed Plaintiff via email that he did not intend to hire counsel for All City. *See* Rasor Dec. ¶ 12; Rasor Dec., Ex. D. Accordingly, on June 20, 2017, Plaintiff requested the entry of a default as to All City, Dkt. No. 23, which the Clerk of Court entered on June 21, 2017, Dkt. No. 25.

On October 18, 2017, Plaintiff moved the Court to enter a consent judgment as to Vance, Dkt. No. 31, and it filed a motion for default judgment as to All City, Dkt. No. 32. The Court entered the judgment against Vance on October 25, 2017. Dkt. No. 36. The Court now considers Plaintiff's motion for a default judgment as to All City.

## II. DISCUSSION

Federal Rule of Civil Procedure 55 sets out a two-step procedure to be followed for the entry of judgment against a party who fails to defend: the entry of a default, and the entry of a default judgment. *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005). The first step, entry of a default, simply "formalizes a judicial recognition that a defendant has, through its failure to defend the action, admitted liability to the plaintiff." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011); Fed. R. Civ. P. 55(a) ("When a party against whom a

judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."). "The second step, entry of a default judgment, converts the defendant's admission of liability into a final judgment that terminates the litigation and awards the plaintiff any relief to which the court decides it is entitled, to the extent permitted by Rule 54(c)." *Mickalis Pawn Shop*, 645 F.3d at 128. Rule 54(c) states, "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

**A. Default Judgment Is Warranted**

Here, entry of a default judgment is warranted. All City has not entered a notice of appearance or responded to the complaint in any way. It failed to respond when Plaintiff sought default and now default judgment. Vance was put on notice that if he did not hire counsel to represent All City, it would be subject to a default judgment. *See* Rasor Dec. ¶ 12. Nevertheless, Vance chose not to retain counsel to represent All City. *See* Rasor Dec., Ex. D. Even with this history, the Court is expected to exercise "sound judicial discretion" in determining whether a default judgment should be entered. CHARLES ALAN WRIGHT ET AL., 10A FED. PRAC. & PROC. CIV. § 2685 (4th ed. 2017). The Court may consider factors such as: the amount of money at stake; whether material issues of fact or issues of substantial public importance are at issue; whether the default is largely technical; whether plaintiff has been substantially prejudiced by the delay involved; whether the grounds for default are clearly in doubt; how harsh an effect default judgment might have; whether the default was caused by a good-faith mistake or by excusable or inexcusable neglect; and plaintiff's actions throughout. *Id.* Having considered these factors, the Court concludes that default judgment is appropriate in these circumstances.

## B. Plaintiff Establishes a Prima Facie Case for Recovery

The Court must also evaluate damages. The first step is to look to the complaint to determine whether the plaintiff has established a *prima facie* case for recovery. *See Lenard v. Design Studio*, 889 F. Supp. 2d 518, 528 (S.D.N.Y. 2012).

To establish that All City engaged in fraud, Plaintiff must show that All City made misrepresentations or deceptive omissions that were material and that it acted with scienter in doing so. *See CFTC v. Highland Stone Capital Mgmt., LLC*, No. 11 Civ. 5209, 2013 WL 4647191, at *15 (S.D.N.Y. Aug. 29, 2013). Here, Plaintiff has established that All City made material misrepresentations and deceptive omissions on its website and acted with scienter. For example, All City falsely claimed that from December 2013 through September 2015 99.55% of its trades were "profit trades" and only 0.45% were "loss trades." *See* Dkt. No. 1 ¶¶ 19-31; Rasor Dec., Ex. E at 3; Dkt. No. 36 ¶ 25. That same fraudulent conduct also violates Section 4*o*(1) of the Commodity Exchange Act. *See* Dkt. No. 36 ¶ 40. In addition, Plaintiff alleged that All City engaged in such acts "willfully, knowingly or with reckless disregard for the truth of their representations or omissions." Dkt. No. 1 ¶ 40.

Furthermore, Plaintiff alleged that All City acted as a Commodity Trading Advisor without registering as an Advisor. *See* Dkt. No. 1, ¶¶ 19-31, 57-63; Rasor Dec. ¶¶ 14-24; Dkt. No. 36 ¶¶ 32-34.

Plaintiff had thus established a *prima facie* case for recovery.

## C. Plaintiff Provides Sufficient Evidence of Damages

"Once liability is established, the sole remaining issue before the court is whether the plaintiff has provided adequate support for the relief it seeks." *Bleecker v. Zetian Sys., Inc.*, No. 12 Civ. 2151, 2013 WL 5951162, at *6 (S.D.N.Y. Nov. 1, 2013) (citing *Transatlantic Marine*

*Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc.*, 109 F.3d 105, 111 (2d Cir. 1997)). "Even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true. The district court must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999) (internal citations omitted). "Establishing the appropriate amount of damages involves two steps: (1) 'determining the proper rule for calculating damages on . . . a claim'; and (2) 'assessing plaintiff's evidence supporting the damages to be determined under this rule.'" *Begum v. Ariba Disc., Inc.*, No. 12-CV-6620, 2015 WL 223780, at *4 (S.D.N.Y. Jan. 16, 2015) (alteration in original) (quoting *Credit Lyonnais*, 183 F.3d at 155).

To determine the amount of damages, the Court may conduct a hearing, but doing so is not necessary "as long as [the Court has] ensure[s] that there was a basis for the damages specified in the default judgment." *Transatlantic Marine*, 109 F.3d at 111 (internal quotation marks omitted); *see also Action S.A. v. Marc Rich & Co.*, 951 F.2d 504, 508 (2d Cir. 1991) (stating that a district judge may, but is not required to, conduct a hearing on the matter of damages).

Here, Plaintiff requests that the Court enter an order permanently enjoining All City from committing further violations of the Commodity Exchange Act and its regulations and from engaging in any commodity trading related activity, and that the Court impose a civil monetary penalty of $167,728 for each of the four counts in the complaint, for a total penalty of $670,912. *See* Dkt. No. 33 (Pl. Memo) at 13-17. Plaintiff is entitled to injunctive relief if a violation has occurred and if there is a reasonable likelihood of future violations. *See CFTC v. British Am. Commodity Options*, 560 F.2d 135, 141 (2d Cir. 1977). All City's fraudulent conduct and its

5

business of soliciting customers for foreign currency transactions weigh in favor of an injunction. In addition, the Commodity Exchange Act provides that Plaintiff may seek and the Court may impose a civil monetary penalty of not more than the greater of $167,728 or triple the monetary gain to such person for each violation, plus post-judgment interest. *See* 7 U.S.C. § 13a-1(d)(1)(A); 17 C.F.R. § 143.8(a)(4)(ii)(B) (effective Jan. 23, 2017 to Mar. 5, 2018). Accordingly, Plaintiff has established its entitlement to an injunction and to a $670,912 monetary penalty, plus post-judgment interest.

## III. CONCLUSION

Plaintiff's motion for the entry of default judgment is granted in part. This resolves Docket Number 32. The Clerk of the Court is directed to close the case and enter judgment.

SO ORDERED.

Dated: June 1, 2018
New York, New York

_____
ALISON J. NATHAN
United States District Judge