IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: JUN 0 1 2018

|   |   |
|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION, ) ) ) ) Plaintiff, ) ) v. ) ) ALL CITY INVESTMENTS, LLC and ) JAMAL Y. VANCE, ) ) Defendants. ) ) | Case No. 16 CV 7372 (AJN)<br><br>ECF Case |

## [PROPOSED] ORDER FOR FINAL JUDGMENT BY DEFAULT, PERMANENT INJUNCTION, CIVIL MONETARY PENALTIES, AND OTHER STATUTORY AND EQUITABLE RELIEF AGAINST DEFENDANT ALL CITY INVESTMENTS, INC.

On September 21, 2016, the Commodity Futures Trading Commission ("Commission" or "Plaintiff") filed a Complaint charging defendants All City Investments, LLC ("All City") and Jamal Y. Vance ("Vance") with fraudulently soliciting customers for the purported purpose of trading in off-exchange foreign currency ("forex") in accounts to be managed by Defendants in violation of Sections 4b(a)(2)(A)-(C) of Commodity Exchange Act (the "Act"), 7 U.S.C. §§ 6b(a)(2)(A)-(C) (2012) and Commission Regulation 5.2(b), 17 C.F.R. § 5.2(b) (2015); failing to register as a Commodity Trading Advisor ("CTA") in violation of in violation of Section 4m(1) of the Act, 7 U.S.C. § 6m(1) (2012) and Commission Regulation 5.3(a)(3), 17 C.F.R. § 5.3(a)(3) (2017); and CTA fraud in violation of Section 4o(1) of the Act, 7 U.S.C. § 6o(1) (2012).

As reflected in the proof of service filed on November 2, 2016, the summons and Complaint were properly served on All City pursuant to Rule 4(h)(1)(B) of the Federal Rules of Civil Procedure ("FRCP") via delivery to its registered agent.

Defendant All City has failed to appear or answer the Complaint within the time permitted by Fed. R. Civ. P. 12(a)(1). Accordingly, the Commission filed requests for entry of a clerk's default and supporting declarations against Defendant All City and on June 21, 2017, the Clerk of this Court entered a default against Defendant All City.

The Commission has now moved this Court to grant final judgment by default against Defendant All City, order permanent injunctive relief, and a civil monetary penalty pursuant to F. R. Civ. P. 55(b)(2). Entry of default judgment is left to the sound discretion of the trial court (*Palmieri v. Town of Babylon*, 277 Fed. Appx. 72, 74 (2d Cir. 2008); *Shah v. N.Y. State Dep't of Civil Serv.*, 168 F.3d 610, 615 (2d Cir. 1999)), which is required to accept all factual allegations in the complaint as true and draw all reasonable inferences in the moving party's favor, but is also required to determine whether the factual allegations amount to a cause of action as a matter of law. *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009) (citations omitted).

The Court has carefully considered the Complaint, the allegations of which are well-pleaded and hereby taken as true, the Commission's memorandum in support of its motion, the record in this case, and the Court being otherwise advised in the premises, it is hereby:

**ORDERED** that the Plaintiff's Motion for Entry of Final Judgment by Default, Permanent Injunction, Civil Monetary Penalties, and Other Statutory and Equitable Relief Pursuant to Rule 55(b)(2) Against Defendant All City Investments, LLC is **GRANTED.** Accordingly, the Court enters findings of fact, conclusions of law, and an Order of Final Judgment by Default for Permanent Injunction, Civil Monetary Penalties, and Other Statutory and Equitable Relief ("Order") pursuant to Sections 6c and 6d of the Act, 7 U.S.C. § 13a-1 (2012), as set forth herein.

# I.
# FINDINGS OF FACT AND CONCLUSIONS OF LAW

## A. Findings of Fact

### The Parties

1.  Plaintiff Commodity Futures Trading Commission is an independent federal regulatory agency that is charged by Congress with administering and enforcing the Act, 7 U.S.C. §§ 1-26 (2012), and the Regulations promulgated thereunder, 17 C.F.R. §§ 1 *et seq.* (2017).

2.  Defendant All City Investments, LLC is a limited liability company organized in Wyoming on or about April 24, 2013, with a principal place of business of Dallas, Texas. All City has never been registered with the Commission in any capacity. All City has not appeared in this action and has no legal representation.

3.  Defendant Jamal Y. Vance is an individual whose last known address is in Orlando, Florida. Vance held himself out as being the President and Member of All City. Vance also is an authorized signatory for bank and trading accounts held in the name of All City. Vance has never been registered with the Commission in any capacity.

### Defendant All City's Fraudulent Operations

4.  From at least January 2016 to March 2016 ("the Relevant Period"), All City fraudulently solicited customers for the purported purpose of trading in off-exchange foreign currency ("forex") in accounts to be managed by All City in violation of the Commodity Exchange Act.

5.  All City solicited customers on its website, allcityinvestments.com (the "Website"), to open and deposit their funds into their own accounts with a brokerage services firm that provides an online forex trading platform.. This solicitation did not limit or restrict

customers to be eligible contract participants, as defined in Section 1a(18)(A)(xi) of the Commodity Exchange Act (the "Act"), 7 U.S.C. § 1a(18)(A)(xi) (2012).

6. There was no requirement on the Website that prospective forex customers needed to have amounts invested on a discretionary basis, the aggregate of which was in excess of:

$10,000,000 [ten million dollars], or

$5,000,000 [five million dollars] and have entered in the agreement, contract, or transaction with the Defendants in order to manage the risk associated with an asset owned or liability incurred, or reasonably likely to be owned or incurred by the customer. Accordingly, customers were not eligible contract participants in connection with retail forex transactions.

7. The Website advertised "the advantages of forex trading" and claimed that "we help clients grow their wealth in a recession proof vehicle" by "growing wealth in WEEKS NOT YEARS!" The Website also referred to All City as a "forex trader/wealth accumulation strategist."

8. Customers who wanted to set up accounts were directed from the All City website to a broker where they were instructed to set up an account. The Website contained a "limited power of attorney form." By executing this form, a customer designates All City as the customer's "trading agent" and provides All City with the ability to "control, manage or direct trading decisions" for customers' forex accounts. It also stated that customers can correspond with their trading agent via the email address staff@allcityinvestments.com.

9. By signing the limited power of attorney form, the customer acknowledged that All City would "receive thirty percent (30%) of all gross profits generated and deducted out of"

4

that customer's trading account. A "30% Performance Fee" also was referenced elsewhere on the All City website.

10.     In order to fraudulently induce customers to have All City act as their CTA, the Website included a graph with an accompanying table and text that falsely and misleadingly shows "2,675.10% growth" from December 2013 through September 2015. It further falsely and/or misleadingly claimed that All City performed 444 trades during that timeframe broken down as follows: "Profit Trades: 442 (99.55%)" and "Loss Trades: 2 (0.45%)." The information on the trading graph, table and text (the "Track Record") were all false and/or misleading.

11.     All City has only had three trading accounts with one futures commission merchant ("FCM") registered with the CFTC. Defendant Vance opened these three accounts on behalf of All City with this registered FCM located in New York, New York. The accounts consisted of the following: (1) an account opened on May 16, 2013 which was funded with $100,000.00; (2) an account opened on January 28, 2015, which was never funded; and (3) an account opened on May 12, 2015 which was funded with $2,000.00.

12.     After opening the All City account on May 16, 2013, Vance traded forex exclusively for this account. Forex trading was conducted from May through August 2013, during which there were 217 profitable forex trades and 213 losing forex trades resulting in a net loss of $64,986.05 or approximately 65% of the value of the account. No trading occurred in this All City account from September 2013 through August 2014. On two days in September 2014, two profitable forex trades and one losing forex trade were executed in this All City account resulting in a net gain of $9.58. There was no further trading in this account. In sum, this trading account fails to support the "profit trade" percentages on the Track Record.

13. For the January 28, 2015 account, no trading was conducted.

14. For the All City account opened on May 12, 2015, Vance once again traded forex exclusively for this account. From May 2015 through July 2015, there were 49 profitable forex trades and 39 losing forex trades which resulted in a net loss of $138.65. There was no further trading in this account. Again, this trading account fails to support the false and/or misleading information on the Track Record.

15. Defendants All City and Vance had no other trading accounts in their name or accounts which they managed with any other registered FCM.

## B. Conclusions of Law

### Jurisdiction and Venue

16. This Court has jurisdiction over this action pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1 (2012), which provides that whenever it shall appear to the Commission that any person has engaged, is engaging, or is about to engage in any act or practice constituting a violation of any provision of the Act or any rule, regulation, or order promulgated thereunder, the Commission may bring an action in the proper district court of the United States against such person to enjoin such act or practice, or to enforce compliance with the Act, or any rule, regulation or order thereunder.

17. The Commission has jurisdiction over the forex solicitations and transactions at issue in this case pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1 (2012), and Section 2(c)(2)(C) of the Act, 7 U.S.C. § 2(c)(2)(C) (2012).

18. Venue properly lies with this Court pursuant to Section 6c(e) of the Act, 7 U.S.C. § 13a-1(e) (2012), in that the acts and practices in violation of the Act and Regulations occurred, are occurring or are about to occur within this District, among other places.

**Violations of Section 4b(a)(2)(A)-(C) (Fraud)**

19. All City, in or connection with any order to make, or the making of, any forex transaction that was made, or to be made, for or on behalf of, or with, any other person, other than on or subject to the rules of a designated contract market, cheated or defrauded or attempted to cheat or defraud another person, or willfully deceived or attempted to deceive the other person by any means whatsoever in regard to any order or contract or the disposition or execution of any order or contract in violation of Section 4b(a)(2) of the Act, 7 U.S.C. § 6b(a)(2) (2012),[1] by the conduct described in paragraphs 4 through 15 above during the Relevant Period, including, among other things, knowingly or recklessly providing a Track Record on the Website that contained false and/or misleading information in order to fraudulently solicit customers to have All City trade their forex account.

20. Statements and omissions made by All City set forth above were material misstatements and misrepresentations as well as fraudulent omissions and were made knowingly or recklessly.

**Violation of Regulation § 5.2(b) (Fraud)**

21. All City, by use of the mails or by any means or instrumentality of interstate commerce, directly or indirectly, or in connection with any retail forex transaction: cheated or defrauded or attempted to cheat or defraud any person; or willfully deceived or attempted to deceive any person by any means whatsoever, in violation of Regulation § 5.2(b), 17 C.F.R. § 5.2(b) (2015), by the conduct described in paragraphs 4 through 15 above, during the Relevant Period including, among other things, knowingly or recklessly providing a Track Record on the

---

[1] Pursuant to Section 2(c)(2)(C)(iv) of the Act, 7 U.S.C. §§ 2(c)(2)(C)(iv) (2012), Section 4b(a)(2) of the Act, 7 U.S.C. §§ 6b(a)(2)(A)-(C) (2012), applies to All City's foreign currency transactions "as if" they were a contract of sale of a commodity for future delivery.

Website that contained false and/or misleading information in order to fraudulently solicit customers to have All City trade their forex accounts.

22. Statements and omissions made by All City set forth above were material misstatements and misrepresentations as well as fraudulent omissions and were made knowingly or recklessly.

**Violation of Section 4*o*(1) (Fraud by a Commodity Trading Advisor)**

23. All City, by the use of the mails or any means or instrumentality of interstate commerce, directly or indirectly employed any device, scheme, or artifice to defraud any client or participant or prospective client or participant; or engaged in any transaction, practice, or course of business which operates as fraud or deceit upon any client or participant or prospective client or participant in violation of Section 4*o*(1) of the Act, 7 U.S.C. § 6o(1)(A) and (B) (2012), which prohibits fraud by CTAs, by the conduct described in paragraphs 4 through 15 above, during the Relevant Period, including among other things, providing a Track Record on the Website that contained false and/or misleading information in order to fraudulently solicit customers to have All City trade their forex accounts.

24. Under Section 1a(12), a CTA engages in a business of advising others, either directly or through publications, writings, or electronic media, as to the value of or the advisability of trading in any contract of sale of a commodity for future delivery, security futures product, or swap for compensation or profit, 7 U.S.C.§ 1a(12) (2010). By the conduct described above and pled in the complaint, including asking customers to sign a limited power of attorney form and purporting to charge them a 30% performance fee, All City, for compensation or profit, engaged in the business of advising others as to the advisability of trading forex and thus was acting as a CTA.

**Violations of Section 4(m) and Regulation 5.3(a)(3) (Failure to Register with the Commission)**

25. By the conduct described in paragraphs 4 through 15 above, during the Relevant Period All City engaged in the business of advising others, either directly or through publications, writings, or electronic media, as to the value of or the advisability of trading in any contract of sale of a commodity for future delivery, security futures product, or swap for compensation or profit, thus making it a commodity trading advisor as defined by Section 1a(12) of the Act, 7 U.S.C. § 1a(12) (2012).

26. All City was not exempt from registering as a CTA.

27. All City made use of the mails or any means of interstate commerce in connection with its business as a CTA, while failing to register with the Commission as a CTA, in violation of Section 4m(1) of the Act, 7 U.S.C. § 6m(1) (2012).

28. All City exercised discretionary trading authority, or obtained written authorization to exercise discretionary trading authority, over accounts of customers who, upon information and belief, were not eligible contract participants in connection with retail forex transactions. As such, All City was required to register as a CTA pursuant to Regulation 5.3(a)(3), 17 C.F.R. § 5.3(a)(3) (2015) and failed to do so, in violation of Regulation 5.3(a)(3), 17 C.F.R. § 5.3(a)(3) (2015).

## II.
## ORDER FOR RELIEF

**IT IS HEREBY ORDERED THAT:**

1. The Commission's Motion for Entry of Final Judgment by Default, Permanent Injunction, Civil Monetary Penalties, and Other Statutory and Equitable Relief Pursuant to Rule 55(b)(2) Against Defendant All City Investments, LLC is GRANTED.

9

**IT IS HEREBY ORDERED THAT:**

**A. Permanent Injunction**

2. Unless restrained and enjoined by this Court, there is a reasonable likelihood that All City will continue to engage in the acts and practices alleged in the Complaint and in similar acts and practices in violation of the Act and Regulations.

3. Based upon and in connection with the foregoing conduct, pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1 (2012), All City is permanently restrained, enjoined and prohibited from directly or indirectly:

  a. cheating or defrauding or attempting to cheat or defraud other persons, willfully making or causing to be made to other persons any false report or statement or willfully entering or causing to be entered for another person any false record, or willfully deceiving or attempting to deceive other persons in connection with any order to make, or the making of, any contract of sale of any commodity for future delivery in violation of Sections 4b(a)(2)(A)-(C) of the Act 7 U.S.C. §§ 6b(a)(2)(A)-(C)(2012).

  b. by use of the mails or by any means or instrumentality of interstate commerce, directly or indirectly, in or in connection with any retail forex transaction, cheating or defrauding, or attempting to cheat or defraud, or willfully deceiving, or attempting to deceive other persons in violation of Regulation 5.2 (b), 17 C.F.R. § 5.2(b) (2017).

  c. by use of the mails or other means or instrumentalities of interstate commerce, while registered or acting as a CTA, to wit, for compensation or profit, engaging in the business of advising others, either directly or through publications, writings,

or electronic media, as to the value of or the advisability of trading in any contract of sale of a commodity for future delivery, security futures product, swap, or foreign currency (as described in 7 U.S.C. §2(c)(2)(C)(i)) ("forex contracts"), directly or indirectly employing a device, scheme, or artifice to defraud other persons or engaging in transactions, practices, or a course of business which operate as a fraud or deceit upon other persons in violation of Sections 4$o$(1)(A) and (B) of the Act, 7 U.S.C. § 6$o$(1)(A) and (B) (2012).

    d.    engaging in the business of advising others, either directly or through publications, writings, or electronic media, as to the value of or the advisability of trading in any contract of sale of a commodity for future delivery, security futures product, swap, or forex contract, for compensation or profit and making use of the mails or any means or instrumentality of interstate commerce in connection with their business as a CTA, while failing to register with the Commission as a CTA, in violation of Section 4m(1) of the Act, 7 U.S.C. § 6m(1) (2012); and

    e.    exercising discretionary trading authority or obtaining written authorization to exercise discretionary trading authority over any account for or on behalf of any person that is not an ECP as defined in Section 1a(18) of the Act, in connection with retail forex transactions in violation of Regulation § 5.3(a)(3), 17 C.F.R. § 5.3(a)(3) (2017).

4. All City is also permanently restrained, enjoined and prohibited from directly or indirectly:

    a.    Trading on or subject to the rules of any registered entity (as that term is defined in Section 1a(40) of the Act, 7 U.S.C. § 1a(40) (2012));

    b.    Entering into any transactions involving "commodity interests" (as that term is defined in Regulation 1.3(yy), 17 C.F.R. § 1.3(yy) (2017) for its own account or for any account in which it has a direct or indirect interest;

    c.    Having any commodity interests traded on its behalf;

    d.    Controlling or directing the trading for or on behalf of any other person or entity, whether by power of attorney or otherwise, in any account involving commodity interests;

    e.    Soliciting, receiving or accepting any funds from any person for the purpose of purchasing or selling any commodity interests;

    f.    Applying for registration or claiming exemption from registration with the Commission in any capacity, and engaging in any activity requiring such registration or exemption from registration with the Commission, except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2017); and/or

    g.    Acting as a principal (as that term is defined in Regulation 3.1(a), 17 C.F.R. § 3.1(a) (2017)), agent or any other officer or employee of any person (as that term is defined in Section 1a(38) of the Act, 7 U.S.C. § 1a(38) (2012)) registered, exempted from registration or required to be registered with the Commission except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2017).

**B. Civil Monetary Penalty**

5. All City shall pay a civil monetary penalty in the amount of six hundred seventy thousand nine hundred and twelve dollars, $670,912 ("CMP Obligation"), which is total of the inflation-adjusted statutory amount of $167,728 for each of the four counts of the Complaint alleging violations of the Act, plus post-judgment interest. Post-judgment interest shall accrue

on the CMP Obligation beginning on the date of entry of this Order and shall be determined by using the Treasury Bill rate prevailing on the date of entry of this Order pursuant to 28 U.S.C. § 1961 (2012).

6. All City shall pay its CMP Obligation by electronic funds transfer, U.S. postal money order, certified check, bank cashier's check, or bank money order. If payment is to be made other than by electronic funds transfer, then the payment shall be made payable to the Commodity Futures Trading Commission and sent to the address below:

>   Commodity Futures Trading Commission
>   Division of Enforcement
>   ATTN: Accounts Receivables
>   DOT/FAA/MMAC/AMZ-341
>   CFTC/CPSC/SEC
>   6500 S. MacArthur Blvd.
>   Oklahoma City, OK 73169
>   (405) 954-7262 office
>   (405) 954-1620 fax
>   nikki.gibson@faa.gov

If payment by electronic funds transfer is chosen, All City shall contact Nikki Gibson or her successor at the address above to receive payment instructions and shall fully comply with those instructions. All City shall accompany payment of the CMP Obligation with a cover letter that identifies All City and the name and docket number of this proceeding. All City shall simultaneously transmit copies of the cover letter and the form of payment to the Chief Financial Officer, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, NW, Washington, D.C. 20581.

### C. Provisions Related to Monetary Sanctions

7. **Partial Satisfaction:** Acceptance by the Commission/CFTC of any partial payment of All City's CMP Obligation, shall not be deemed a waiver of his/her/their/its obligation to make

further payments pursuant to this Order, or a waiver of the Commission/CFTC's right to seek to compel payment of any remaining balance.

### D. Miscellaneous Provisions

8. Notice: All notices required to be given by any provision in this Order shall be sent certified mail, return receipt requested, as follows:

Notice to Commission:

>Manal M. Sultan, Deputy Director
>Division of Enforcement
>U.S. Commodity Futures Trading Commission
>140 Broadway, 19th Floor
>New York, NY  10005

9. Change of Address/Phone: Until such time as All City satisfies in full its CMP Obligation as set forth in this Order, All City shall provide written notice to the Commission by certified mail of any change to its telephone number and mailing address within ten (10) calendar days of the change.

10. Invalidation: If any provision of this Order or if the application of any provision or circumstance is held invalid, then the remainder of this Order and the application of the provision to any other person or circumstance shall not be affected by the holding.

11. Continuing Jurisdiction of this Court: This Court shall retain jurisdiction of this action to ensure compliance with this Order and for all other purposes related to this action, including any motion by All City to modify, or for relief from, the terms of this Order.

12. Injunctive and Equitable Relief Provisions: The injunctive and equitable relief provisions of this Order shall be binding upon All City, upon any person under the authority or control of All City, and upon any person who receives actual notice of this Order, by personal

service, e-mail, facsimile or otherwise insofar as he or she is acting in active concert or participation with All City.

There being no just reason for delay, the Clerk of the Court is hereby ordered to enter this *Order for Final Judgment by Entry of Default, Permanent Injunction, Civil Monetary Penalties, and Other Statutory and Equitable Relief Pursuant to Rule 55(b)(2) Against Defendant All City Investments, LLC* forthwith and without further notice.

**IT IS SO ORDERED** on this 1st day of June, 2018.

JUDGE ALISON J. NATHAN
United States District Judge